# CMF

## CARMEL, MILAZZO & FEIL LLP
—— INNOVATIVE AND EFFICIENT COUNSEL ——

December 7, 2022

**Via ECF**
Hon. Kevin P. Castel, U.S.D.J.
United States District Court
500 Pearl Street, Room 11D
New York, New York 10007

    Re:   *Advanced Knowledge Tech, LLC v. Marcelo Fleitas*
            *Docket No. 1:21-cv-00992-PKC*
            *Letter Motion to Compel*

*[Handwritten annotation: In view of the extensive discovery extension and the need for further the parties to meet and confer, Letter motions (Doc 50 and 51) are denied without prejudice. SO ORDERED [signature] 12-8-22]*

Dear Judge Castel:

    This firm represents Defendant Marcello Fleitas ("Fleitas" or the "Defendant") in the above-referenced action. Pursuant to Your Honor's rules, Defendant respectfully seeks to compel Plaintiff Advanced Knowledge Tech, LLC ("Plaintiff") to cure the deficiencies in its responses to Defendant's First and Second Notice for Production of Documents. We respectfully request this Court compel Plaintiff to produce responsive documents as set forth below and an appropriate extension of fact discovery.

## I.   Nature of The Action

    This is an action attempting to hold Defendant accountable for alleged invoices between Plaintiff and a company formerly managed by Defendant, Ubergig LLC (" Ubergig"). Ubergig was a human resources company, providing services such as job placements and the deployment of professionals as subcontractors. Ubergig went bankrupt, and Plaintiff fabricated the instant claims against Defendant to skirt the distinction between Defendant and Ubergig.

## II.   The Document Requests

    On or about May 31, 2022, Defendant served Plaintiff with its First Set of Demands For Production (the "First Request")[1]. On or about July 28, 2022, Plaintiff responded to the First Request and made a deficient production of documents.[2] In the Response, Plaintiff made improper objections to Request Nos. 2, 8, 9, 10, 12, 15, 16, 17, 19, 21, 24, 25, and 26 which demand documents central to Plaintiff's claims. On or about September 6, 2022, Defendant served its Second Set of Demands for Production (the "Second Request") upon Plaintiff.[3] Similarly, Plaintiff asserted improper objections to, *inter alia*, and pertinently, Requests 6 and 7.

    Accordingly, Defendant served Plaintiff with two deficiency letters to address aforementioned issues.[4] Plaintiff continued to refuse to respond.[5] To date, Plaintiff has failed and

---

[1] A true and correct copy of the First Request is annexed hereto as **"Exhibit A."**
[2] A true and correct copy of Plaintiff's Responses to the First Requests is annexed hereto as **"Exhibit B."**
[3] A true and correct copy of the Second Request is annexed hereto as **"Exhibit C."**
[4] A true and correct copy of each of the deficiency letters are annexed hereto as **"Exhibit D."**
[5] True and correct copies of Plaintiff's responses to Defendant's deficiency letters are annexed hereto as **"Exhibit E."**

Manhattan Office: 55 West 39th Street, 18th Floor, New York, NY 10018
**New York City | New Jersey | Long Island | Beverly Hills**
Website: www.cmfllp.com

refused to make a full production of documents and is hiding key evidence required to have this case decided on its full merits.

F.R.C.P. 26, states that a party may discover " any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept. *A.I.A. Holdings S.A. v. Lehman Bros.*, No. 97 Civ. 4978, 2000 WL 763848, at *2 (S.D.N.Y. June 12, 2000) (quoting Oppenheimer Fund, Inc. v. Sanders,437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)); *Condit v. Dunne,* 225 F.R.D. 100, 105-06 (S.D.N.Y. 2004) Generally, discovery is only limited when ' sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or privileged. *Condit v. Dunne,* 225 F.R.D. 100, 105-06 (S.D.N.Y. 2004)

A motion for the production of documents is entitled to broad and liberal treatment. *M.L.C., Inc. v. North American Philips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y. 1986); *Goldman v. Checker Taxi Company,* 325 F.2d 853 (7th Cir.1963). The obligation to disclose is "broad." *BPP Ill., LLC v. Royal Bank of Scotland Grp.,* 13-CV-638 (JMF), at *9 (S.D.N.Y. Oct. 19, 2015)

Here, Plaintiff failed to produce key documents sought by Defendant during discovery and should be compelled to produce responsive documents to Defendant's demands.

### 1. Plaintiff's Improper Objections and Failure to Produce Under Request Nos. 2, 4, 5, 8, 9, 10, 11, 12, 13, 15, 16, 17, 19, 20, and 21

Plaintiff's central allegations concern false or misleading statements by Defendant, upon which Plaintiff ostensibly reasonably relied, which allegedly induced Plaintiff to enter a contract and continue performing services. It is alleged that Defendant intended to induce such reliance. However, Plaintiff has failed and refused to produce any responsive documents to Defendant's demands seeking documents to substantiate these claims. Further, insofar as Defendant intends to raise defenses such that Plaintiff did not suffer any damages, or any damages recoverable under this theory, and otherwise failed to mitigate its alleged damages, Defendant requested documents to test such defenses. Similarly, Plaintiff has failed and refused to produce documents responsive to demands directed to these topics. Production should be compelled for the following reasons.

a. Request No. 2 – Defendant seeks communications between Plaintiff and third-parties regarding the services allegedly rendered by Plaintiff. Plaintiff stated there were no responsive documents, but we understand the end client requested services directly from Plaintiff and/or Sohail Siddique, thus there *are* responsive documents. These documents are necessary to show that Plaintiff was not performing services at Ubergig's request and to determine if issues of payment were ever discussed with respect to continuing services. The absence of communications by Plaintiff such as that it would stop services until payment was made, will establish the defense that Plaintiff was not induced to perform, did so voluntarily, and did not rely on Defendant's alleged statements. To date no documents have been produced.

b. Request Nos. 4, 13 – Defendant seeks documents reflecting attempts by Plaintiff to mitigate its alleged damages and attempts to verify the veracity of the alleged statements, including internal communications. At any point from the start of the accrual of the balance around 2018 Plaintiff could have cut off services, instead it allowed the balance to grow. Documents such as internal communications are required to determine whether Plaintiff did anything to mitigate its

damages, or whether it simply let the balance grow so it could come to Court with an inflated damages number, which is precisely what happened. Further, since Defendant had a balance dating back for years, Defendant contends Plaintiff could not reasonably rely on alleged promises to pay and had an obligation to verify the accuracy of the statements or be unable to establish reasonable reliance. To date no documents have been produced.

   c. Request No. 8 – all documents and/or communications tending to show that Ubergig or Defendant made any false or misleading statements prior to Plaintiff entering into a contract with Ubergig. However, Plaintiff failed to provide any responsive documents to this demand. All but two of the documents Plaintiff referenced reflect communications *after* the contract was alleged, and neither . One of the documents reflects communications with Sohail Siddique more nearly a year and a half prior to the entry of the contract. The final communication, which is the only document produced reflecting the pertinent time period, does not reflect any of the statements made by Defendant. Accordingly, responsive documents are required to be produced, yet none have been produced.

   d. Request Nos. 5, 8, 9, 10, 11, 12, 15, 16, 17, and 21 – Defendant seeks documents and/or communications tending to show that: (1) that any of the alleged misstatements were fraudulent, untrue, or misleading, and were so at the time when made; (2) that Defendant allegedly knew such statements were ostensibly untrue; (3) that such statements were allegedly made with the intention to induce Plaintiff to continue performing consulting services for Ubergig; (4) that such statements were allegedly made with a preconceived intention of not paying Plaintiff; (5) documents reflecting or regarding any material essential facts which Defendant failed to disclose to Plaintiff. These demands are central to Plaintiff's fraud claim and the claims depend on a preponderance of evidence. Not a single document has been produced except to contend that full payment was not made. Defendant is entitled to evidence Plaintiff will rely on to establish the material required elements or entitled to know if none exists.

   e. Request No. 19 – Defendant seeks all communications between Plaintiff and Siddique concerning the services allegedly performed and any allegedly outstanding balance. We believe he only paid a corresponding bonus when an invoice was paid. If the invoice was not paid neither was the bonus, decreasing the alleged damages. Communications may also reference whether services would be performed regardless of the receipt of payment, going to whether Plaintiff was induced to perform. Plaintiff has not produced a single communication with Siddique. To date no documents have been produced.

   f. Request No. 20 – Defendant seeks Plaintiff's internal communications concerning the allegations in this case. It is important for Defendant to have information on topics such as whether Plaintiff relied on the alleged statements, whether payment of past invoices was necessary for the provision of future services, what Plaintiff knew as it pertains to Ubergig's ability to pay and finances, and whether there are any admissions that would prevent a finding of liability. In addition, correspondences are expected to include topics concerning Siddique, such as whether he was paid a bonus on the allegedly unpaid invoices, which goes to damages. To date no documents have been produced.

### 2. Plaintiff Should Be Required to Produce All Documents Sought in the Second Document Request

a. <u>Request Nos. 1, 2, 3</u> – Defendant seeks documents reflecting out-of-pocket expenses it alleges to have incurred as a result of the allegations and documents concerning payments to Siddique. Fraud is meant to recompense out-of-pocket expenses. Plaintiff has provided several documents concerning payment to Siddique but they only contain broad salary numbers which Defendant contends Plaintiff would have been paying him anyway. The pay stubs produced list a category called "other earnings" but no documents have been provided to determine what these are or how they were calculated but for an outdated salary computation document which does not even provide for an accurate calculation. Defendant contends these were paid to Siddique when old invoices were paid and were not paid when new invoices were issued. Moreover, no communications between Plaintiff and Siddique have been produced concerning his earnings. Accordingly, all documents associated with payments to Siddique must be produced, including communications concerning same.

b. <u>Request No. 6</u> – Defendant requested all documents and communications demonstrating the contention that Ubergig had a preconceived intention not to perform or not to pay Plaintiff. As a crucial foundation to substantiate Plaintiff's fraud claims, Plaintiff is required to demonstrate that Ubergig had a preconceived intention not to perform or not to pay Plaintiff. However, Plaintiff failed to produce any responsive documents that speak to this demand and continued to refuse to do so. Plaintiff's allegation cannot be established on speculation. Accordingly, Plaintiff should be compelled to provide these documents. To date no documents have been produced.

c. <u>Request No. 7</u> – Defendant requested all communications between Plaintiff and Siddique concerning amounts purportedly owed to him in connection with work done for Ubergig. Since Defendant contends Plaintiff only paid Siddique a bonus for invoice payments received, it is reasonable to suspect that there are documents and communications in which Plaintiff and Siddique discussed the fact that the invoices being allegedly outstanding meant he would not receive a bonus until they were, thus going to whether out-of-pocket expenses were or were not incurred. These documents are essential to Defendant's defense. Yet, Plaintiff again failed to produce a single responsive document to this demand and should be compelled to produce documents that speak to this demand. To date no documents have been produced.

d. <u>Request Nos. 8, 9</u> – Defendant seeks communications between Plaintiff and/or Siddique and any company to whom Plaintiff allegedly performed services regarding the allegedly unpaid invoices. Defendant is entitled to know whether Plaintiff ever stated it would service if payment was not made, going to Plaintiff's ostensible reliance, or whether payment was ever even discussed. Since payment of the invoices is a central issue in this case, Defendant is entitled to communications concerning this central topic. To date no documents have been produced.

e. <u>Request Nos. 10, 11</u> – Defendant seeks communications between Plaintiff and/or Siddique and any company to whom Plaintiff allegedly performed services to establish that it was Plaintiff and Siddique who arranged with the third-parties for services to be performed. This will illustrate that Plaintiff was arranging for services to be performed without reference to outstanding payments, defeating reliance, and that Defendant was not in this loop but for forwarding invoices and payments. Plaintiff was free at any time to cut this off but continued to perform services at its

4

own discretion. It will also establish whether Plaintiff ever asked about payments, going towards whether it was induced by alleged promises to pay and its ostensible reliance on same. To date no documents have been produced.

### 3. Plaintiff's Failure to Produce Documents and Properly Respond to the Discovery Request Necessitates an Extension of the Discovery End-Date

As discussed above, fact discovery is currently required to be completed by December 30, 2022 and the next conference is scheduled for January 20, 2023. As a result of Plaintiff's failure to timely respond to the Document Request, Defendant is unable to conduct the deposition of Plaintiff, or to conduct Post-EBT discovery. Accordingly, based upon the foregoing, Defendant requests that the discovery end-date be extended sixty (60) days.

### 4. Conclusion

Based upon the foregoing, Defendant respectfully requests that a conference be scheduled to address Plaintiff's failure to produce documents and its improper objections, and to address extending the deadline for fact discovery.

Respectfully submitted,

*/s/ Ting Huang*
Ting Huang, Esq
Michael Nacht, Esq

5